Bovo, Respondent, vs. D. M. FULMER LUMBER COMPANY, Appellant.

*December 16, 1904—January 10, 1905.*

*Sales: Cause of action: Special verdict: Judgment: Evidence.*

Where, in an action for the purchase price of timber, the court found that plaintiff did not own the timber, but failed to find as to whether plaintiff had become the owner of the proceeds of the sale, and the evidence as to plaintiff's ownership of such proceeds was in sharp conflict, it was error to award judgment for plaintiff.

APPEAL from a judgment of the circuit court for Florence county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action to recover a balance due on a sale of cedar timber to the defendant corporation. It is alleged by the plaintiff that he sold and delivered to defendant forty-nine car loads of cedar timber at an agreed price of $3,556.51, and that there is due him the sum of $2,785.44, which defendant refuses to pay. The defendant corporation admits the purchase of the timber from plaintiff, but avers that fourteen car loads of the timber so purchased was the property of one Fred Alberts, and that it has paid Alberts therefor; that the balance due plaintiff for timber owned by him, so sold to defendant, is $1,736.34. The court declared by the answer of the first question of the special verdict that plaintiff was not the owner of the fourteen car loads of timber included in plaintiff's claim, and referred to as the Alberts timber, at the time it was sold to defendant. It appears that the fourteen car loads of timber were cut and prepared for market by one Fred Alberts from plaintiff's land, and under an agreement between plaintiff and Alberts stipulating that Alberts was to pay plaintiff $50 stumpage, and $5 per car as commission for selling the timber. It also appears that plaintiff informed the representatives of the company with whom he negotiated in making the sale of the timber that such an agreement existed between him and Alberts. Plaintiff stated the facts of this arrangement between himself and Alberts to Mr. Hayes, defendant's representative and inspector of the timber when it was loaded for shipment to defendant. It also appears that Alberts gave defendant notice after shipment of the timber not to pay plaintiff for the fourteen car loads, and that he claimed a right to the proceeds. Defendant thereafter refused to pay plaintiff for these fourteen car loads, claiming that Alberts asserted a right to the proceeds, and avers that it subsequently took a bill of sale of this timber from Alberts, and has paid him the full amount due there-

for. The jury found that defendant did not pay Alberts for this timber, as claimed by it. The evidence tends to show that plaintiff made advances to Alberts to enable him to cut and market this timber. After considerable negotiation in an attempted settlement of disputes between plaintiff and Alberts, the following writing was executed and delivered:

"In consideration of the sum of two hundred and fifty-three dollars ($253.00) to me in hand paid by *Jule Bovo,* the receipt whereof is hereby acknowledged, I do hereby acknowledge full payment and satisfaction of any and all claims or demands wheresoever due me from said *Jule Bovo.*

"Dated Jany. 2nd A. D. 1903.                                    his
"In presence of                            "FRED X ALBERTS.
    "FRANK WARING.                                   mark.
    "MAX SELLS."

The court awarded judgment on the special verdict in plaintiff's favor for the full amount of the purchase price of forty-nine car loads of timber, less the payments admitted to have been made to plaintiff. This is an appeal from this judgment.

For the appellant there was a brief by *Max Sells* and *A. W. Shelton,* and oral argument by *Mr. Shelton.*

For the respondent the cause was submitted on the brief of *Eastman & Marteneau,* attorneys, and *Cook & Pelham,* of counsel.

SIEBECKER, J. Under the evidence and pleadings, the question arose between the parties to this action whether plaintiff was entitled to recover the price of fourteen car loads of timber alleged to have been sold and delivered by him to defendant. In the month of March, 1902, plaintiff made an agreement with defendant, selling to it all the timber to be cut during the following season from certain land owned by him, at the price specified, and to be shipped as agreed. At the time of making this agreement, plaintiff informed defendant that he handled a portion of such timber on com-

mission for one Alberts, who had agreed to cut and prepare it for market under an agreement whereby plaintiff was to receive $50 for the stumpage, and $5 per car load for selling it. The court held that fourteen car loads of the timber included in plaintiff's demands in this action were not owned by plaintiff at the time this sale was made to defendant. Whether plaintiff became the owner of these fourteen car loads of timber after such sale, or of the proceeds thereof after delivery, we are not informed. There is no averment in the pleadings on the subject, nor was there any determination of this question by the court or jury under the proof.

There is evidence in the case tending to show that plaintiff had sold this timber to one Alberts, and that he treated it as Alberts' timber at the time of its shipment and delivery to defendant. It also appears that Alberts made claim of ownership, and so notified defendant after delivery, and claimed that payment of the purchase price should be made to him. On the other hand, there is evidence supporting the contention that Alberts had released his interest and claim to the proceeds of the sale of this timber to plaintiff. The pleadings, as framed, do not aver a transfer of the proceeds of the fourteen car loads of timber to plaintiff, nor was there a determination of this question by the special verdict. The court, however, awarded judgment in plaintiff's favor for the full amount due, including the fourteen car loads in dispute. Since the court found that plaintiff did not own this timber when defendant purchased it, and there was no finding that plaintiff subsequently became the owner of the proceeds of sale, the only other theory upon which judgment could be awarded in plaintiff's favor is that the evidence showed without dispute that he was entitled to the amount due for the fourteen car loads. As above stated, this is not the case, since the evidence is in sharp conflict upon this question. Under such circumstances, it was error to award plaintiff judgment for the amount due on the sale of the fourteen car loads of

timber. This requires that a new trial be granted, and obviates any necessity of considering the exceptions to the charge, and to the refusal of the court to change the answer to question No. 2 of the special verdict.

*By the Court.*—Judgment of the circuit court is reversed, and the cause is remanded for a new trial.